# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**MARILYNN LYNN THOMASON,**<br><br>Debtor. | **Bankruptcy Case<br>No. 21-40435-JMM** |

## MEMORANDUM OF DECISION

Appearances:

> Marilynn Lynn Thomason, Idaho Falls, Idaho, Debtor pro se.

> Lewis N. Stoddard, HALLIDAY, WATKINS & MANN, P.C., Boise, Idaho, attorney for LSF10 Master Participation Trust.

### *Introduction*

Before the Court in this chapter 13[1] case is a motion to modify and/or annul the automatic stay filed by LSF10 Master Participation Trust "(Trust").[2]  Dkt. No. 41.

Debtor objected to the stay relief motion.  Dkt. Nos. 50, 62, 66.  The motion was set for

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Trust also filed a request for judicial notice, but orally withdrew that request at the November 8, 2021 hearing. Dkt. Nos. 64, 101.

MEMORANDUM OF DECISION − 1

an evidentiary hearing, and the parties were instructed to file witness and exhibit lists, which they did. Dkt. Nos. 83–84, 86. Debtor thereafter moved to strike Trust's motion and objected to Trust's exhibit list.[3] Dkt. Nos. 92, 94.

The Court conducted an evidentiary hearing on the motion on November 8, 2021, at which it admitted Trust's exhibits 200–213 and Debtor's exhibits 100–101. No testimony was presented, and the evidentiary record was closed. The parties offered argument after which the motion was taken under advisement. After considering the briefing, testimony, exhibits, and oral argument presented, as well as the applicable law, the Court issues the following decision which resolves the motion. Fed. R. Bankr. P. 7052; 9014.

### *Motion for Relief from the Automatic Stay*

Trust moves the Court to terminate and annul the automatic stay in this bankruptcy case, retroactive to July 16, 2021, the date the case was filed, and in conjunction with that relief, deem Debtor's Request for Immediate Relief and/or Permission to File Motion for Sanctions moot. Dkt. No. 41.

1. Underlying Facts

To put the stay relief motion into context, the Court will briefly relate the facts leading up to the bankruptcy filing. Following protracted litigation in Idaho state courts, on December 31, 2018, summary judgment was entered in favor of Trust and against

---

[3] Debtor's motion to strike was denied and her objection to Trust's exhibits was deemed moot. Dkt. No. 101.

MEMORANDUM OF DECISION – 2

Debtor, authorizing judicial foreclosure of the real property located at 7276 West 3200

South, Rexburg, ID 83440 (the "Property").  Certified Copy of Complaint for

Foreclosure, Ex. 200; Certified Copy of Summary Judgment Decision, Ex. 201.

Ultimately, on June 13, 2019, the state court entered a Final Judgment and Order of Sale

and Decree for Foreclosure in favor of Trust.[4]  Certified Copy of Judgment, Ex. 202;

Certified Copy of Order of Sale and Decree of Foreclosure, Ex. 203.

A sheriff's sale was conducted on October 30, 2019, and the Property was sold to

Trust.  Certified Copy of Sheriff's Certificate of Sale, Ex. 206; Certified Copy of

Sheriff's Deed, Ex. 207.  The deed bears a recordation stamp indicating a recording date

of May 5, 2020.  *Id.*  Trust subsequently filed an unlawful detainer action in state court

and on June 9, 2021, that court issued an Eviction order.  Certified copy of Eviction

Order, Ex. 210.  On July 14, 2021, Trust obtained a Writ of Restitution entitling it to evict

Debtor.  Certified Copy of Writ of Restitution, Ex. 211.

Two days later, Debtor filed a chapter 13 bankruptcy petition.  Ex. 212; Dkt. No.

1.  On July 29, 2021, Debtor filed a "Request for Immediate Relief and/or Permission to

File Motion for Sanctions due to Violations Under 11 U.S.C. § 362(a)(3-7)."  Dkt. No.

21.  Trust's motion for stay relief followed on September 8, 2021.  Dkt. No. 41.

---

[4] Debtor appealed the Judgment to the Idaho Supreme Court, but neglected to file a brief and the appeal
was dismissed on June 22, 2020.  Certified Copy of Order Denying Appellant's Motion and Dismissing
Appeal, Ex. 209.  In addition, she sought a stay of foreclosure pending the appeal, but did not post the
required bond, and the stay was denied.  Certified Copy of Idaho Supreme Court Order, Ex. 208.

MEMORANDUM OF DECISION – 3

2.  Stay Relief, Generally

Upon the filing of a bankruptcy petition, a bankruptcy estate is created which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  § 541(a)(1).  The filing also operates as a stay which, among other things, prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  § 362(a)(3).

Pursuant to § 362(d), on request of a party in interest and after notice and a hearing, the Court may grant relief from the automatic stay.  Pertinent here, the Court may terminate, annul, modify, or condition the stay "with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."  § 362(d)(2).

3.  Stay Relief is Warranted in this Case

Trust, as the party seeking relief, must first establish a prima facie case for stay relief.  *In re Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009), *aff'd,* 603 F.3d 1100 (9th Cir. 2010) (citing *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.),* 205 B.R. 196, 200 (9th Cir. BAP 1996)).  Once a prima facie case has been established, the burden shifts to Debtor to show that relief from the stay is not warranted. *See* § 362(g)(2); *Duvar Apt.*, 205 B.R. at 200.

Trust alleges Debtor does not have any equity in the Property as a result of the foreclosure, Sheriff's sale, and the issuance and recordation of the Sheriff's deed,

MEMORANDUM OF DECISION – 4

entitling it to stay relief under § 362(d)(2). Debtor apparently disputes the sale was effective as against her interest in the Property. The Court reiterates that only a very narrow issue is before it. The Court is *not* determining whether the Sheriff's deed is valid, whether Trust removed assets from the Property, or any of the issues Debtor is anxious to litigate.[5] Rather, the Court considers *only* whether stay relief is proper based on the evidence before it.

The certified court documents before this Court evidence that Trust is the current owner of the Property. The record contains certified documents demonstrating entry of a judgment, a decree of foreclosure and order of sale, a writ of execution, notice of levy, certificate of sheriff's sale, entry and recordation of a sheriff's deed, dismissal of the motion for stay pending appeal, order for eviction, and writ of restitution. On this showing, the Court concludes that Trust has established a basis for relief from stay. *See Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100, 107 (9th Cir. BAP 2011).

Thus, despite listing the Property in her schedules, it appears Debtor, in fact, has no interest or equity in that asset. Moreover, the Property is not necessary to an effective reorganization of Debtor's debts, as she asserts only $176.36 in outstanding debt, and

---

[5] These are likely issues for the state court. The *Rooker–Feldman* doctrine generally bars lower federal courts from exercising jurisdiction "to review the final determinations of a state court in judicial proceedings." *Benavidez v. Cty. of San Diego,* 993 F.3d 1134, 1142 (9th Cir. 2021) (quoting *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001)). As such, Debtor may not use this Court to seek "what in substance would be appellate review of the state judgment." *Benavidez*, 933 F.3d at 1142 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S. Ct. 2647 (1994)).

MEMORANDUM OF DECISION − 5

sufficient income to pay it.  Dkt. No. 16.  Accordingly, Trust is entitled to relief from the

automatic stay pursuant to § 362(d)(2).

4.  Retroactive Annulment

The more complicated question is whether the stay ought to be annulled.  Trust

seeks annulment of the automatic stay to the moment of the bankruptcy petition filing,

thus eliminating any issue of violation of the automatic stay.[6]

The Court's authority to grant relief from the automatic stay "includes annulment

providing retroactive relief, which, if granted, moots any issue as to whether the [act

constituting a stay violation] was void because, then, there would have been no

actionable stay violation.  *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 21 (9th Cir.

BAP 2003) (citing *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 573 (9th

Cir. 1992)).  The Ninth Circuit has held that the bankruptcy court has "wide latitude in

crafting relief from the automatic stay, including the power to grant retroactive relief

from the stay."  *In re Schwartz*, 954 F.2d at 572; *Nat'l Envtl. Waste Corp. v. City of

Riverside (In re Nat'l Envtl. Waste Corp.)*, 129 F.3d 1052, 1054–55 (9th Cir.

1997); *Mataya v. Kissinger (In re Kissinger),* 72 F.3d 107, 109 (9th Cir. 1995).

Moreover, "the party moving for retroactive relief has the burden to make a *prima*

---

[6] As noted above, § 362(d) permits the Court to annul the stay.  This is often referred to as seeking *nunc pro tunc* stay relief, as the parties do here.  This is not precisely correct.  The phrase "*nunc pro tunc*" means "[h]aving retroactive legal effect through a court's inherent power."  *Black's Law Dictionary* (9th ed. 2009).  Because the Bankruptcy Code specifically provides for annulment of the stay, there is no need to rely on the Court's inherent power to provide this relief.

MEMORANDUM OF DECISION – 6

*facie* showing of cause." *In re Sklar*, 626 B.R. 750, 763 (Bankr. S.D.N.Y. 2021) (citing

*In re WorldCom, Inc.*, 325 B.R. 511, 521 (Bankr. S.D.N.Y. 2005)).

In *Fjeldsted*, the Ninth Circuit's Bankruptcy Appellate Panel held that the

"balancing of the equities" test applied and articulated standards for the Court to employ

in considering a motion for retroactive annulment of the automatic stay.  In addition to

the oft-cited standard of (1) whether the creditor was aware of the bankruptcy petition,

and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice

would result to the creditor, the BAP compiled a list of factors to consider when deciding

whether to annul the automatic stay:

> 1. Number of filings;
> 2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;
> 3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser;
> 4. The Debtor's overall good faith (totality of circumstances test): *cf. Fid. & Cas. Co. of N.Y. v. Warren (In re Warren),* 89 B.R. 87, 93 (9th Cir. BAP 1988) (chapter 13 good faith);
> 5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem;
> 6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;
> 7. The relative ease of restoring parties to the *status quo ante;*
> 8. The costs of annulment to debtors and creditors;
> 9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;
> 10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;
> 11. Whether annulment of the stay will cause irreparable injury to the debtor;
> 12. Whether stay relief will promote judicial economy or other efficiencies.

MEMORANDUM OF DECISION − 7

*Id.* at 25.  The BAP was careful to emphasize that the list of factors was a "framework for analysis and not a scorecard."  *Id.*  Finally, in the context of the particular facts of a case, a single factor may be of such import that it is dispositive on the issue.  *Id.*

Trust contends that annulment of the stay is warranted because Debtor filed her bankruptcy petition and proposed chapter 13 plan in bad faith.  Specifically, Trust contends that:

1. Debtor filed for bankruptcy on or about the same day as an eviction notice was posted on the Property.
2. Debtor has filed a chapter 13 petition and plan mentioning only one creditor, to which Debtor admits her account is current and no arrears are owed.  Debtor therefore filed this bankruptcy action despite having no creditors to whom she is actually indebted.
3. Debtor has freely admitted that the only reason for her filing her petition and plan was to prevent a lawful eviction from taking place, thereby attempting to defeat the aforementioned state foreclosure and eviction litigation.
4. Debtor does not have any legal interest in the Property but listed it among her assets anyway, and in so doing misrepresented the facts.
5. Pursuant to Debtor's petition, her assets are worth between $10 million and $50 million, while her debts range from $0 to $50,000. Thus, Debtor is far from dealing with the financial hardships that the Bankruptcy code was meant to alleviate.

Dkt. No. 41.  In addition, Trust contends that Debtor continues to occupy its property free of charge, constituting an existing and ongoing injury while the Property is tied up in this bankruptcy proceeding.  *Id.*

In support of its motion, Trust argues that bad faith is cause to dismiss a chapter 13 case.  Dismissal, however, is not before the Court.  Moreover, Trust references Debtor's "litigious nature and antics" by references to other litigation with which she has

MEMORANDUM OF DECISION − 8

been involved.  Again, this Court is narrowly focused on whether there are grounds to annul the stay retroactively, and Debtor's alleged conduct in other courts is not relevant to the present inquiry.

5.  Application of Law to Facts

When considering a motion to retroactively annul the automatic stay, the "proper standard for determining 'cause' to annul the automatic stay retroactively is a 'balancing of the equities' test." *Id.* at 24 (quoting *Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055).

In examining Trust's submissions in light of the factors enunciated in *Fjeldsted,* the Court concludes that the balance of the equities is largely equivocal.  Some factors weigh in Debtor's favor, such as the fact that this is Debtor's first bankruptcy filing and the fact that she has complied with the Bankruptcy Code and Rules.  Other factors favor Trust, such as the fact that Trust moved for annulment approximately six weeks after the filing, so it did not delay in filing the motion; that stay relief will promote judicial economy; and that Trust certainly is experiencing some prejudice due to not being able to have possession of property it appears to own.  Some of the other *Fjeldsted* factors are simply unclear at this time, including when Trust became aware of the bankruptcy filing and Debtor's overall good/bad faith in filing the case.

The Court concludes the balance of the equities does not favor either party.  As noted above, Trust, as the moving party, bears the initial burden of establishing cause for retroactive annulment.  *In re Killmer*, 513 B.R. 41, 49 (Bankr. S.D.N.Y. 2014) (citing *In re WorldCom, Inc.,* 325 B.R. 511, 521 (Bankr. S.D.N.Y. 2005)).  Moreover, "a request

MEMORANDUM OF DECISION − 9

for retroactive relief from the automatic stay should be granted sparingly." *In re Sklar*, 626 B.R. at 763 (quoting *Chimera Cap., L.P. v. Nisselson (In re MarketXT)*, 428 B.R. 579, 585 (S.D.N.Y. 2010). "If retroactive relief becomes commonplace, creditors—anticipating *post facto* validation—will be tempted to pursue claims against bankrupts heedless of the stay, leaving debtors with no choice but to defend for fear that post-petition default judgments routinely may be resuscitated." *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 977 (1st Cir. 1997). Accordingly, "retroactive relief should be the long-odds exception, not the general rule." *Id.*

Because the Court concludes that Trust has not demonstrated that the balancing of the equities justifies retroactive annulment of the automatic stay in this case and under these facts, its motion will be denied in this respect.

### *Conclusion*

Trust adequately demonstrated grounds for relief from the automatic stay under the facts of this case. The Court concludes, however, that the balancing of the equities in this case do not weigh in favor of annulment of the stay. Accordingly, Trust's motion will be granted in part and denied in part. A separate order will be entered.

DATED: November 17, 2021

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION − 10