UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:<br><br>**MARILYNN LYNN THOMASON,** | **Bankruptcy Case<br>No. 21-40435-JMM**<br><br>Debtor. |
|---|---|

**MEMORANDUM OF DECISION**

Appearances:

    Marilynn Lynn Thomason, Idaho Falls, Idaho, Debtor pro se.

    Lewis N. Stoddard, HALLIDAY, WATKINS & MANN, P.C., Boise, Idaho, attorney for LSF10 Master Participation Trust.

    Jeffrey P. Kauffman, Meridian, Idaho, attorney for chapter 13 Trustee.

*Introduction*

On November 17, 2021, the Court entered a Memorandum Decision and an Order, granting in part and denying in part LSF10 Master Participation Trust's ("Trust") motion for relief from the automatic stay. Dkt. Nos. 103, 104. The decision and order were mailed to the debtor, Marilynn Thomason ("Debtor") on November 19, 2021 (Dkt. Nos. 105, 106).

On November 18, 2021, one day before the documents were mailed to Debtor, she called the clerk's office and asked to be apprised of anything new that had been filed on

MEMORANDUM OF DECISION − 1

the docket in her case. The clerk informed her of the filing of the Court's decision and order. *See* Dkt. Nos. 107, 108.

Apparently concerned that she could miss a deadline, on November 23, 2021—prior to receiving the Court's decision and order—Debtor filed the instant "Motion for potential new trial, reinstatement, of automation [sic] stay, relief from judgments(s), objection to memorandum, and reconsideration." Dkt. No. 107 (internal citations omitted). In her motion, she cites no particular fault with the Court's decision, likely because she was not yet in receipt of it. Rather, it appears this motion was filed as a placeholder to ensure timeliness. On December 6, 2021, Debtor supplemented her objection in which she raised numerous disagreements with the Court's prior decision. Dkt. No. 116. The following day, Trust filed a response. Dkt. No. 117.

The motion came before the Court for argument on December 13, 2021, after which it was taken under advisement. This decision follows.

### *Applicable Law*

As a basis for the relief Debtor requests, she cites to Civil Rules 59[1] and 60(b), made applicable in bankruptcy cases by Bankruptcy Rules 9023 and 9024.[2]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Debtor also cites to 11 U.S.C. § 362(c)(3)(B). However, that statute is inapplicable here as it applies only when a case is filed by a debtor "who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)." § 362(c)(3).

MEMORANDUM OF DECISION − 2

The Rules do not contemplate a "motion to reconsider." *In re Pich,* 00.2 I.B.C.R. 62, 63 (Bankr. D. Idaho 2000). Rather, when such a motion is filed within 14 days of the underlying order, it is treated as a motion to alter or amend a judgment under Civil Rule 59(e). *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 1, 18 (9th Cir. BAP 2013) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898–99 (9th Cir. 2001) (applying the former 10–day rule)); *Wood v. Loader (In re Loader)*, 424 B.R. 464, 466 (Bankr. D. Idaho 2009) (As between Civil Rules 59(e) and 60(b), "[w]hich rule applies depends essentially on the time a motion is served. If a motion is served within [14] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b).") (quoting *In re Moore,* 01.4 I.B.C.R. 134, 134 (Bankr. D. Idaho 2001))). Because Debtor filed her motion within 14 days of the Court's order, Civil Rule 59(e) applies.

The applicable standard under Civil Rule 59(e) is well-established:

> "A motion to alter or amend a judgment under Rule 59(e) is appropriate only if the moving party clearly establishes (1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence." *Elsaesser v. Fehrs (In re Fehrs)*, 08.4 I.B.C.R. 153, 154, 2008 WL 4443062, at *2 (Bankr. D. Idaho Sept. 26, 2008) (citations omitted).

*In re Sterling Min. Co.,* 415 B.R. 762, 766 (Bankr. D. Idaho 2009); *In re Mellem*, 625 B.R. 172, 183–84 (9th Cir. BAP 2021) ("To support a motion seeking relief under Civil Rule 59(e), a movant must show: '(1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence.'").

MEMORANDUM OF DECISION − 3

Moreover, relevant here, the motion cannot be used to reargue contentions which were already presented:

> A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through-rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Virginia 1983); *see Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983). Arguments that the court was in error on the issues it considered should be directed to the court of appeals. *See Refrigeration Sales Co.,* 605 F. Supp. at 7.

*Loader*, 424 B.R. at 467 (quoting *In re Moore,* 01.4 I.B.C.R. at 135).

Finally, motions for reconsideration should not be granted absent "highly unusual circumstances" and reconsideration of an order entered by the court "is an extraordinary remedy which should be used sparingly." *Wallace v. Hayes (In re Wallace*), No. 11-21077-TLM, 2013 WL 782721, at *2 (Bankr. D. Idaho Feb. 27, 2013) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999); *In re Sterling Min. Co.,* 415 B.R. at 766.

### *Analysis*

To prevail on her motion, Debtor must establish a manifest error of fact or law or the existence of newly discovered evidence. A manifest error of fact or law must be one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Wallace*, No. 2013 WL 782721 at *2 (citing *Oak Park Calabasas Condo. Ass'n,* 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)). Newly discovered evidence, on the other hand, must be exactly that—newly discovered. Evidence that was in Debtor's possession before the Court entered its order

MEMORANDUM OF DECISION − 4

is not newly discovered. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) ("Evidence 'in the possession of the party before the judgment was rendered is not newly discovered.'"); *Ocwen Loan Servicing, LLC v. Marino (In re Marino)*, 577 B.R. 772, 787 (9th Cir. BAP 2017). Upon demonstration of one of these three grounds, Debtor must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Am. Indep. Mines & Mins. Co. v. U.S. Dep't of Agric.,* 733 F. Supp. 2d 1241, 1260 (D. Idaho 2010) (quoting *Donaldson v. Liberty Mut. Ins. Co.,* 947 F. Supp. 429, 430 (D. Haw. 1996)).

In her motion, Debtor largely reiterates arguments previously presented to the Court, insisting that, where the Court's decision differed from her assertions, a "grievous error" occurred. She also takes issue with various evidentiary rulings made by the Court during the hearing. Finally, she alleges that individuals have been engaged in various activities on her property following the Court's decision.

The Court concludes that Debtor has not met her burden to demonstrate a manifest error of fact or law or newly discovered evidence sufficient to support alteration or amendment of the Court's prior decision regarding the Trust's stay relief motion.

Accordingly, Debtor's motion for reconsideration is denied. A separate order will be entered.

DATED: December 21, 2021

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION − 5