## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**MARILYNN THOMASON,**<br><br>**Debtor.** | **Bankruptcy Case<br>No. 21-40435-JMM** |

### MEMORANDUM OF DECISION

**Appearances:**

 Marilynn Thomason, Idaho Falls, Idaho, Debtor pro se.

 Janine Reynard, JOHNSON MAY, Boise, Idaho, Attorney for WaFd Bank.

 Jeffery P. Kaufman, Meridian, Idaho, attorney for chapter 13 Trustee.

### *Introduction*

 Before the Court is a motion to dismiss filed by the chapter 13[1] trustee.  Doc. No. 194.  The debtor, Marilynn Thomason ("Debtor") objected to the motion.  Doc. No. 201. On April 19, 2022, the motion came before the Court for oral argument, at the conclusion of which the Court ordered the parties to file briefs on the issue of the Court's jurisdiction after which the motion would be deemed under advisement.  Doc. No. 205.  The parties filed the briefs, and the matter is now ripe for consideration.  Doc. Nos. 207–09.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION–1

Upon considering the arguments and submissions of the parties, as well as the applicable law, this decision resolves the motion.  Fed. R. Bankr. P. 7052; 9014.

### *Background Facts*

On July 16, 2021, Debtor filed a barebones chapter 13 petition.  Doc. No. 1.  On July 29, she filed schedules, in which she listed $7,861,101 in assets including $1,282,000 in real property, and $176 in liabilities consisting of a monthly electric bill. Doc. Nos. 16 & 33.  She also listed WaFd Bank ("WaFd") as holding a priority unsecured claim in an unknown amount, but noted the claim was contingent, unliquidated, and disputed.  Doc. No. 16.  Additionally, Debtor listed attorney John Patrick Grayken as a priority unsecured creditor in an unknown amount.  *Id.*  Finally, Debtor listed $166 in monthly net income.  *Id.*

On July 30, 2021, Debtor filed a chapter 13 plan.  Doc. No. 22.  In it, she proposed to pay $4.81 per month for 36 months, resulting in $173.40 being paid to a single creditor, Fall River Electric.  *Id.*  Trustee objected to confirmation of the plan, on the grounds that 1) the plan is not feasible as Debtor lacks sufficient regular income, 2) the plan is not filed in good faith, based on the fact that Debtor is not insolvent and listed only $176 in total debt, and 3) the plan fails to comply with § 330(c) which provides that a trustee shall not be required to administer a case in which compensation paid to the trustee is less than $5.00 per month, and in this case, the entire payment is less than that amount.  Doc. No. 38.  Confirmation of Debtor's plan was denied during the confirmation hearing on September 14, 2021.  Doc. No. 45.

MEMORANDUM OF DECISION–2

Debtor subsequently filed a first amended plan which left much of the prior plan intact, including the payments of $4.81 per month.  Doc. No. 47.  She then made "technical" corrections to the first amended plan, and Trustee objected to confirmation on the same grounds as before, as well as one additional basis: that Debtor's plan fails to provide for WaFd's claim.  Doc. Nos. 52–53, 82, 90.  Confirmation was denied on November 9, 2021.  Doc. No. 100.

On September 8, 2021, the LSF10 Master Participation Trust ("Trust") moved for relief from the automatic stay.  Doc. No. 41.  Following briefing and several hearings, the Court granted the motion and denied a subsequent motion to reconsider, which decision Debtor appealed.  Doc. Nos. 50, 62, 70, 73, 101, 103–104, 107, 119, 122–23, 138.

On September 24, 2021, WaFd filed a proof of claim in the case to which Debtor objected.  Claims Reg. No. 1-1; Doc. No. 67.  The Court overruled Debtor's objection to WaFd's proof of claim, and Debtor appealed that decision.  Doc. Nos. 67, 158, 162–63, 178, 191.

Debtor filed a second amended chapter 13 plan on January 13, 2022.  Doc. No. 150.  Trustee objected to confirmation of the plan, arguing the same points as previously raised.  Doc. No. 161.  Following the Court's resolution of Debtor's objection to WaFd's proof of claim, WaFd filed an objection to confirmation, arguing that it has not accepted Debtor's plan, that the plan must provide for payment of WaFd's allowed claim, and that the plan does not provide for surrender of WaFd's collateral.  Doc. No. 166.  The Court conducted a confirmation hearing on February 15, 2022, at which confirmation was denied.  Doc. No. 173.

MEMORANDUM OF DECISION–3

Debtor thereafter filed a third amended chapter 13 plan.  Doc. No. 185.  WaFd again objected to confirmation, Doc. No. 204, and Trustee filed a motion to dismiss, Doc. No. 194.  The Court conducted a hearing on confirmation of the third amended plan as well as Trustee's motion to dismiss, at the conclusion of which it denied confirmation and requested briefing on the jurisdiction question connected with the motion to dismiss. Doc. No. 205.  The parties filed their briefs, Doc. Nos. 207–09, after which the motion to dismiss was deemed under advisement.

At no point has Debtor sought a stay pending appeal under Rule 8007.

### *Preliminary Issue*

At the hearing on the motion to dismiss, the Court initially raised an issue and asked the parties to brief it.  Specifically, the Court inquired whether it had jurisdiction to dismiss this case due to the two pending appeals Debtor has filed.  While the Debtor has not sought a stay pending appeal, that does not necessarily answer the question.

A.  Jurisdiction Following Notice of Appeal, Generally

The filing of an appeal does not bring the bankruptcy case to a halt.  28 U.S.C. § 158(d)(2)(D) (An appeal "does not stay any proceeding of the bankruptcy court . . . from which the appeal is taken, unless the respective bankruptcy court . . . issues a stay of such proceeding pending the appeal.").  The rule governing stays pending appeal, Rule 8007, echoes the statute.  Subsection (e) of that Rule, which concerns the continuation of proceedings in the bankruptcy court during the pendency of an appeal, provides, "the bankruptcy court may: (1) suspend or order the continuation of other proceedings in the

MEMORANDUM OF DECISION–4

case; or (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest."

With those precepts in mind, the Court will examine the parameters of its jurisdiction while an appeal is pending.  First, while perhaps fairly obvious, it is clear this Court may not modify the order that is the subject of an appeal.  *Pace v. Hurt*, 1992 WL 320844, 1 (9th Cir. November 2, 1992) ("The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal.") (quoting *Bennett v. Gemmill* (*In re Combined Metals Reduction Co.*), 557 F.2d 179, 200 (9th Cir. 1977)).  More recently, the Ninth Circuit Bankruptcy Appellate Panel clarified that "a bankruptcy court lacks jurisdiction to modify or vacate an order that is under review on appeal; but it is not prohibited from taking any steps that may 'affect' the appeal."  *In re Dardashti,* No. BAP. CC-07-1311-PADMO, 2008 WL 8444787, at *5–6 (9th Cir. BAP Feb. 12, 2008) (cleaned up).  Rather, when there is no stay pending appeal, the bankruptcy court retains jurisdiction to enforce an order that is on appeal, on condition that in doing so, the bankruptcy court does not significantly alter or expand upon the terms of that order.  *Id.* at *6; *Marino v. Classic Auto Refinishing, Inc. (In re Marino)*, 234 B.R. 767, 769–70 (9th Cir. BAP 1999) ("A pending appeal divests a bankruptcy court of jurisdiction to vacate or modify an order which is on appeal. . . . Courts thus distinguish between actions to enforce the judgment, which are permissible, and actions to expand upon or alter the judgment, which are prohibited.")

Moreover, as noted above, the filing of an appeal does not prevent the Court from moving forward with the remainder of the case.  Although Rule 8007 was amended in

MEMORANDUM OF DECISION–5

2014, the case law prior to the amendment remains viable.[2]  Those cases provide that the

bankruptcy court retains jurisdiction over all other matters in the case.  The basic rule is

that "an appeal from an order does not deprive jurisdiction of matters not resolved in that

order."  *In re Rudnick*, 62 F.3d 1425 (9th Cir. 1995) (citing *In re Wade*, 115 B.R. 222,

230 (9th Cir. BAP 1990)).  For example, the Ninth Circuit observed, "[t]he [lower] court

retains jurisdiction over all other matters that it must undertake to implement or enforce

the judgment or order [that is on appeal]."  *Sherman v. SEC (In re Sherman),* 491 F.3d

948, 967 (9th Cir. 2007);  *Neary v. Padilla (In re Padilla),* 222 F.3d 1184, 1190 (9th Cir.

2000) ("Absent a stay or supersedeas, the trial court [ ] retains jurisdiction to implement

or enforce the judgment or order but may not alter or expand upon the judgment.");  *In re*

*Hagel,* 184 B.R. 793, 795 (9th Cir. BAP 1995) (superseded in part by statute on other

grounds) (the bankruptcy court did not lack jurisdiction to dismiss the case, based upon

debtors' failure to amend their schedules and plan, due to a pending appeal of whether the

amendment should have been ordered); *In re Ahmed,* 420 B.R. 518, 523 (Bankr. C.D.

Cal. 2009) ("The most important aspect of a bankruptcy appeal is what issues the appeal

leaves behind for the lower court to resolve.  The lower court retains full jurisdiction over

any matter unrelated to the appeal.").

An instructive case on this issue is *In re Hagel*, wherein the bankruptcy court

entered an order denying confirmation of a chapter 13 plan. 184 B.R. at 795.  No new

---

[2] The Federal Rules of Bankruptcy Procedure regarding appeals were extensively rewritten with an
effective date of December 1, 2014.  The portion of the prior rule, then designated as Rule 8005,
concerning the continuation of proceedings in the bankruptcy court while an appeal is pending was
retained when Congress drafted the current version, now found in Rule 8007.  As such, the prior case law
on this issue remains pertinent.

plan was submitted.  *Id.*  The trustee moved to dismiss the case and the court granted that motion.  *Id.*  The debtors filed a motion for reconsideration which the bankruptcy court denied.  The debtors appealed, arguing "the bankruptcy court lacked jurisdiction to dismiss their Chapter 13 case, as the dismissal was based on the ruling concerning the alleged plan deficiencies which was on appeal."  *Id.* at 798.

The BAP held that the bankruptcy court was not expanding or altering the order denying plan confirmation, but rather was simply enforcing the order by dismissing the case.  *Id.*  The BAP found that once the plan was denied and the debtors did not file a new plan, the bankruptcy court's only option was to dismiss the chapter 13 case.  *Id.* "Otherwise, the [d]ebtors would have the benefit of the automatic stay for the months or years while the order was on appeal, while having no confirmed plan compelling them to pay their creditors."  *Id.*

Trustee's brief cites to, and attaches, an order from a case out of the bankruptcy court of Montana captioned *In re Rickert*.  Case No. 18-6037-BPH (D. Mont. June 20, 2020).  In that case, the debtor had objected to a proof of claim filed by a creditor.  The bankruptcy court overruled the objection which order the debtor appealed.  The Ninth Circuit Bankruptcy Appellate Panel affirmed the bankruptcy court.  Just prior to the issuance of the BAP's decision, the debtor filed an adversary proceeding challenging the validity, priority, and extent of the secured creditor's lien.  The bankruptcy court held that it had explicitly and implicitly decided the issues raised in the adversary proceeding in its prior decision, and dismissed the adversary proceeding.  Debtor appealed that decision.

MEMORANDUM OF DECISION–7

While that appeal was pending, the bankruptcy court denied confirmation of the debtor's plan after which the trustee moved for dismissal of the bankruptcy case. The Debtor argued that the bankruptcy court had no jurisdiction to rule on the trustee's motion to dismiss the bankruptcy case while the appeal was pending.

The *Rickert* court sought a test for determining whether it was divested of jurisdiction due to the pending appeal and, finding no such test articulated in the Ninth Circuit, applied one from the First Circuit Bankruptcy Appellate Panel:

> [T]he test for determining if a pending appeal divests a lower court of jurisdiction is whether the subject matter presented in the appeal is so "closely related" to the issues raised in the motion that the entry of the order "impermissibly interfere[s]" with the appellant's rights in its appeal.

*Id.* at pp. 4–5 (quoting *Mission Prod. Holdings, Inc. v. Schleicher & Stebbins Hotels, L.L.C. (In re Old Cold, LLC)*, 602 B.R. 798, 823 (1st Cir. BAP 2019)). Applying the test, the *Rickert* court held that the issues raised in debtor's appeal were narrow and involved a limited dispute between the debtor and a creditor and did not divest the court of jurisdiction to deny confirmation or to determine the trustee's motion to dismiss.

The Court will likewise employ this test in its consideration of whether it retains jurisdiction to adjudicate Trustee's motion to dismiss the bankruptcy case in light of each of the pending appeals.

B.  Appeal of Order Granting Stay Relief

With this guidance in mind, the Court will consider whether Debtor's first appeal, in which she appeals the Court's order granting stay relief to Trust, places any bar upon

MEMORANDUM OF DECISION–8

the Court's consideration of Trustee's motion to dismiss.  The Court concludes it does not.

In its prior decision and order, the Court determined that Trust was entitled to relief from the automatic stay to pursue its action against Debtor in state court.  Trustee's motion to dismiss, on the other hand, is rooted in the continuing deficiencies of Debtor's proposed chapter 13 plans.  The Court finds this is not so closely related to the issues raised in Debtor's appeal of the Court's stay relief order such that the entry of an order dismissing the bankruptcy case would "impermissibly interfere" with Debtor's rights in its appeal.  Indeed, it is not even a particularly close call.  In the bankruptcy case, Trust did not file a proof of claim, Debtor did not list Trust as having a claim, nor does Debtor propose to pay Trust anything through any of her proposed plans.  As such, dismissal of Debtor's bankruptcy case can have no effect on Trust's claim against Debtor.  Moreover, as there is no stay pending appeal and the Court would not be modifying the stay relief order in any way, there is no jurisdictional bar to the Court's consideration of Trustee's motion to dismiss.

C.  Appeal of Order Overruling Objection to Proof of Claim

This presents a relatively closer question.  In the bankruptcy case, WaFd filed a proof of claim to which Debtor objected.  Following an evidentiary hearing, the Court overruled Debtor's objection and allowed WaFd's secured claim in the amount of $139,565.81.  Doc. Nos. 162–63.  Debtor appealed the Court's ruling.  Doc. No. 178.[3]

---

[3] Doc. No. 178 is an order from the District Court assigned to Debtor's appeal of the stay relief order.  In that order, the district court indicates that Debtor attempted to appeal this Court's order overruling

MEMORANDUM OF DECISION–9

Again, the test for determining if Debtor's pending appeal divests this Court of jurisdiction is whether the subject matter presented in the appeal is so closely related to the issues raised in Trustee's motion that the entry of an order of dismissal would "impermissibly interfere" with the Debtor's rights in her appeal.  Applying that test, the Court concludes that it retains jurisdiction to consider Trustee's motion in this case.

The reasons outlined in Trustee's motion to dismiss are essentially twofold, alleging that Debtor's proposed plan does not: 1) provide payments that include at least $5 per month in compensation to Trustee as required by § 330(c); and 2) include payments for WaFd's allowed secured claim and otherwise comply with § 1325.  Doc. Nos. 194 & 208.

Consideration of these alleged shortcomings are not affected by Debtor's appeal of the Court's order overruling her objection to WaFd's proof of claim.  While that may seem obvious as regards the § 330 argument, as it is wholly unconnected, it also pertains to the treatment of WaFd's claim.  To illustrate this point, imagine if the district court reverses this Court's decision.  This could occur in at least two ways: either a holding that the Court's overruling of Debtor's objection was incorrect, or a determination that the amount of the allowed claim was incorrect.  In the former instance, the situation would be as it is now in that Debtor would still have to provide for payment of at least one creditor and satisfy the demands of § 330.  In short, Debtor could still face dismissal of her case.

---

Debtor's objection to WaFd's proof of claim by amendment of the appeal of the stay relief order.  *Id.* This is not proper, and the district court required Debtor to file a separate notice of appeal, which she did. *Id.*; Doc. No. 191.

MEMORANDUM OF DECISION–10

The same is of course true if the district court reversed this Court as to the amount of WaFd's allowed claim—Debtor would still have to pay WaFd through her plan in order to remain in chapter 13. And if the district court affirms this Court's decision, then Debtor must include the WaFd claim and payment thereof in the plan.[4]

The Court concludes the grounds on which Trustee moves for dismissal are wholly unaffected by the objection to proof of claim currently on appeal. As such, the second appeal is not so closely related to issues in the dismissal motion that it impermissibly interferes with the Court's consideration thereof. Accordingly, the Court has jurisdiction to adjudicate Trustee's motion to dismiss.

### *Analysis of Motion to Dismiss*

A motion to dismiss or convert a chapter 13 case is governed by § 1307(c), which provides that a party in interest may request that the court convert the case to chapter 7 or dismiss the case, whichever is in the best interests of creditors and the estate. Sections 1307(c) and 1112(b) establish a two-step analysis for dealing with questions of conversion and dismissal. First, it must be determined that there is "cause" to act. Second, once a determination of "cause" has been made, a choice must be made between conversion and dismissal based on the "best interests of the creditors and the estate."

---

[4] Debtor contends that the Court's determination of the amount of WaFd's secured claim will subject her to the doctrine of *res judicata* on that issue. While possibly true, that fact is not part of this Court's analysis on the jurisdictional issue. Additionally, dismissal of Debtor's bankruptcy case would not necessarily render moot her appeal of the Court's decision. In short, the possibility of the applicability of *res judicata*—a threat to which Debtor exposed herself when she voluntarily filed her bankruptcy petition—is not part of the analysis here.

MEMORANDUM OF DECISION–11

*Nelson v. Meyer (In re Nelson),* 343 B.R. 671, 675 (9th Cir. BAP 2006) (citations omitted).

First, cause must be demonstrated. Section 1307(c) provides a non-exhaustive list of possible grounds for dismissal or conversion, including, as relevant here, denial of confirmation of a plan under § 1325 and denial of a request made for additional time for filing another plan or a modification of a plan. Doc. No. 194; § 1307(c)(5).

As noted above, Trustee asserts that Debtor's proposed plan does not: 1) provide payments that include at least $5 per month in compensation to Trustee as required by § 330(c); and 2) include payments for WaFd's allowed secured claim and otherwise comply with § 1325. Doc. Nos. 194 & 208. And as such, Trustee contends Debtor's plan was not filed in good faith.

The Court concludes that adequate cause for dismissal has been shown.

A.  Compliance with § 330(c)

First, Trustee contends that none of Debtor's proposed plans comply with § 1325(a)(1) which provides that the plan must meet all the requirements for confirmation found in § 1325 as well as all that is required under Title 11 of the United States Code. To that end, 11 U.S.C. § 330(c) provides: "Unless the Court orders otherwise, in a case under chapter 12 or 13 of this title the compensation paid to the trustee serving in the case shall not be less than $5 per month from any distribution under the plan during the administration of the plan." The case law interpreting this section is scarce, but what little there indicates general agreement that § 330(c) sets the floor for chapter 13 trustee compensation. *In re Crespin*, No. 17-11234 TA13, 2019 WL 2246540,

MEMORANDUM OF DECISION–12

at *7 (Bankr. D. N.M. May 23, 2019); *In re Adams*, 94 B.R. 838, 841 (Bankr. E.D. Pa.

1989) ("This Plan would not appear to contemplate sufficient payments to pay even the

minimum compensation of $5.00 monthly to which the Chapter 13 Trustee is entitled

pursuant to 11 U.S.C. § 330(c). However, the Trustee filed a report recommending

confirmation and therefore our confirmation Order could probably be considered as

"ordering otherwise" and hence allowing the Trustee less than his ordinary

compensation."). A leading bankruptcy treatise summed it up this way:

> While section 326 sets maximum compensation levels for trustees, section
> 330(c) generally assures trustees serving in chapter 12 or 13 cases a
> minimum level of compensation of not less than five dollars ($5.00) per
> month, to be paid from any distributions under the plan during the
> administration of the plan. This provision merely sets a floor on the chapter
> 12 or 13 trustee's compensation.

3 COLLIER ON BANKRUPTCY, ¶ 330.02[1][b]) (Richard Levin & Henry J. Sommer,

eds. 16th ed. rev. 2021).

In each of Debtor's plans including the most recent, she proposes to make

payments in the amount of $4.81 per month for 36 months. Pursuant to 28 U.S.C.

§ 586(e), distribution of such payments will generate $.48 in monthly compensation to

the Trustee. As such, it is clear that Debtor's proposed monthly plan payment does not

even cover the minimum required payment to trustee under § 330(c). Accordingly, her

plan does not meet the requirements of § 1325 and is not confirmable, rendering the case

subject to dismissal.

B. Compliance with Other Provisions in § 1325

The second basis for dismissal raised by the Trustee is that Debtor does not

MEMORANDUM OF DECISION–13

include payments for WaFd's allowed secured claim or otherwise comply with
§ 1325. That section lists the requirements for the Court to confirm a chapter 13
plan. Relevant here are §§ 1325(a)(1); (a)(3); (a)(5); and (a)(7). Each will be
discussed below.

> 1. *Section 1325(a)(1)*

Section 1325(a)(1) provides that a chapter 13 plan must comply with the
provisions of § 1325 as well as the other applicable provisions of Title 11. As discussed
above, Debtor's proposed plan does not comply with § 330(c). Accordingly, the plan
does not meet this requirement and may not be confirmed.

> 2. *Section 1325(a)(3)*

This statute requires that Debtor must have proposed her plan in good faith and not
by any means forbidden by law. The Bankruptcy Code does not define "good faith."
Over time, however, courts have held that "[t]he 'good faith' inquiry" was dependent on
"whether the debtors [had] 'acted equitably in proposing their Chapter 13 plan,'" which,
in turn, depended on "'whether the debtor has misrepresented facts in his plan, unfairly
manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an
inequitable manner.'" *In re Welsh*, 711 F.3d 1120, 1124 (9th Cir. 2013) (quoting *Goeb v.
Heid (In re Goeb),* 675 F.2d 1386, 1390 (9th Cir. 1982)). The "good faith determination
must take into account 'all militating factors.'" *Id.* at 1124.

Trustee contends that because Debtor has not yet proposed a plan that complies
with § 330 or that pays WaFd's allowed secured claim, this requirement is not met. The
Court agrees. Once Debtor was aware of the requirement of § 330(c), she needed to

MEMORANDUM OF DECISION–14

conform her plan accordingly.  Moreover, on February 2, 2022, the Court overruled

Debtor's objection to WaFd's proof of claim and allowed its claim in the amount of

$139,565.81.  Doc. No. 162.  Approximately six weeks later, on March 17, 2022, Debtor

proposed her third amended plan, in which she again made no provision for WaFd's

claim.  Doc. No. 185.  Even though she appealed this Court's decision in the interim, no

motion for a stay pending appeal had been filed.  Thus, any plan Debtor proposed must

comply with the Court's order allowing WaFd's claim, regardless of the pending appeal.

As it failed to do so, the Court cannot find that Debtor's plan was filed in good faith, as

she proposes her chapter 13 plan in an inequitable manner—the plan provides for

payment of one creditor to whom no debt is actually owed, while completely ignoring

another whose claim has been allowed by the Court.

### 3.  Section 1325(a)(5)

This portion of § 1325 addresses treatment in the plan of creditors holding allowed

secured claims, such as WaFd.  It provides:

> (a)(5) with respect to each allowed secured claim provided for by the plan–
>     (A) the holder of such claim has accepted the plan;
>     (B)(i) the plan provides that–
>         (I) the holder of such claim retain the lien securing such claim
>         until the earlier of–
>             (aa) the payment of the underlying debt determined
>             under nonbankruptcy law; or
>             (bb) discharge under section 1328; and
>         (II) if the case under this chapter is dismissed or converted
>         without completion of the plan, such lien shall also be
>         retained by such holder to the extent recognized by applicable
>         nonbankruptcy law;
>     (ii) the value, as of the effective date of the plan, of property to be
>     distributed under the plan on account of such claim is not less than
>     the allowed amount of such claim; and

MEMORANDUM OF DECISION–15

(iii) if–
(I) property to be distributed pursuant to this subsection is in
the form of periodic payments, such payments shall be in
equal monthly amounts; and
(II) the holder of the claim is secured by personal property,
the amount of such payments shall not be less than an amount
sufficient to provide to the holder of such claim adequate
protection during the period of the plan; or
(C) the debtor surrenders the property securing such claim to such
holder[.]

It is clear Debtor's plan falls short in several respects.  First, WaFd has not

accepted Debtor's proposed plan.  In fact, it specifically objected to confirmation of the

plan.  Doc. No. 204.  Moreover, Debtor's plan does not even acknowledge WaFd's

allowed secured claim.  In Part 3, which covers the treatment of secured claims, Debtor

checked the box indicating there are none.  Doc. No. 185, at Part 3.1.  The same is true

for the portion of the plan entitled "Request for valuation of security, payment of fully

secured claims, and modification of undersecured claims," for which Debtor also checked

the box indicating there were none.  *Id.* at Part 3.2.

Moreover, under the portion of the plan wherein the Debtor lists secured claims

excluded from § 506, which is the determination of the secured status of the claim,

Debtor checked the "none" box and wrote in by hand, "under appeal."  *Id.* at Part 3.3.  As

discussed above, the Court has determined that WaFd holds an allowed secured claim in

the amount of $139,565.81.  Because Debtor neither sought nor received a stay pending

appeal, she must provide for WaFd's allowed secured claim in her plan, regardless of the

filing of the appeal.  § 1325(a)(5)(B)(ii); *In re Matthews,* No. BAP SC-21-1106-SFL,

2022 WL 336863, at *2 (9th Cir. BAP Feb. 4, 2022) ("It was [the debtors'] obligation to

MEMORANDUM OF DECISION–16

propose and confirm a feasible plan to pay the County's allowed secured claim in full over the term of the plan. . . .  At bottom, [the debtors'] failure adequately to provide for the County's allowed secured claim rendered his plan unconfirmable."); *Barnes v. Barnes (In re Barnes)*, 32 F.3d 405, 407 (9th Cir. 1994) ("'For a court to confirm a plan, each of the requirements of section 1325 *must be present* and the debtor has the burden of proving that each element has been met.'") (citing *Chinichian v. Campolongo,* 784 F.2d 1440 (9th Cir. 1986)).

Finally, Debtor has not provided for WaFd's retention of its lien securing its claim or, alternatively, for surrender of the property securing the claim, nor does the plan propose to distribute property sufficient to pay the allowed amount of the claim.  In short, Debtor's proposed plan wholly fails to meet the requirements of § 1325(a)(5) and therefore may not be confirmed.

### 4. Section 1325(a)(7)

Next, the Court will address Trustee's contention that Debtor's proposed plan does not meet the requirements of § 1325(a)(7), which provides that "the action of the debtor in filing the petition was in good faith."

A bankruptcy court must determine a debtor's good faith on a case-by-case basis, taking into account the particular features of each Chapter 13 plan." *In re Hieter*, 414 B.R. 665, 670 (Bankr. D. Idaho 2009) (quoting *In re Yochum,* 96.2 I.B.C.R. 77, 78 (Bankr. D. Idaho 1996) (citing *In re Porter,* 102 B.R. 773, 775 (9th Cir. BAP 1989))); *In re Wood*, 543 B.R. 915, 922 (Bankr. D. Idaho 2016).  In addition, "[t]he bankruptcy court must consider the totality of the circumstances, including prepetition conduct, in deciding

MEMORANDUM OF DECISION–17

whether the debtor has 'acted equitably.'" *In re Hieter,* 414 B.R. at 670 (quoting *In re Tucker,* 989 F.2d 328, 330 (9th Cir. 1993)).  More particularly, to determine a chapter 13 debtor's good faith (or lack thereof), courts should consider:

> (1) whether the debtor has misrepresented facts in his or her petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor's only purpose in filing for Chapter 13 protection is to defeat state court litigation; and
> (4) whether egregious behavior is present.

*In re Wood*, 543 B.R. at 922 (quoting *In re Heiter*, 414 B.R. at 670–71 (*citing Ho v. Dowell* (*In re Ho*), 274 B.R. 867, 876 (9th Cir. BAP 2002))).  Debtor bears the burden of establishing her plan is filed in good faith.  *Id.*; *Smyrnos v. Padilla (In re Padilla),* 213 B.R. 349, 352 (9th Cir. BAP 1997).

Debtor has never personally filed bankruptcy before, nor does the Court find her behavior has been egregious.  Turning to the other factors, the issues of unfair manipulation of the Bankruptcy Code and filing the petition and/or plan in an inequitable manner are much closer questions.  As evidence of her lack of good faith, Trustee points to the fact that Debtor has never once filed a confirmable plan over the course of the bankruptcy proceeding, which spanned 256 days from the date of filing until Trustee filed the Motion to Dismiss.  Indeed, the Court notes that Trustee objected to some of the very shortcomings discussed in this decision beginning with the first proposed plan.  Doc. Nos. 22 & 38.  These facts tend to show that Debtor has no intention of complying with § 330(c), and thus will not be able to satisfy § 1325(a)(1).  As such, she has filed her plan in an inequitable manner.

Her unwillingness to pay an allowed secured debt through her plan while at the same time listing as her only creditor the power company, to whom she is current with her payments, further supports a finding of inequity in filing her petition and plans. Restated, she has a debt to reorganize but apparently does not intend to do so through the bankruptcy process, yet she proposes to pay a different creditor, for which debt she is current, over the course of three years.  This supports a finding of inequity with regard to her petition and/or plan, but also an unfair manipulation of the Bankruptcy Code and its intended purposes.  These factors indicate a lack of good faith.

The next factor requires the Court to consider whether Debtor's only purpose in filing her petition was to defeat state court litigation.  There is certainly a suggestion of that as Debtor has stated numerous times on the record that Trust was attempting to evict her when she filed the bankruptcy petition.  This fact, especially when coupled with Debtor's unwillingness to engage in any meaningful reorganization of debt, demonstrates an overall lack of good faith and provides an additional barrier to confirmation of Debtor's third amended plan, and cause for dismissal of her bankruptcy case.

### *Leave to File an Amended Plan*

The Court is mindful of the case law indicating that the second element of § 1307(c)(5) requires, at a minimum, that it afford Debtor an opportunity to propose a new or modified plan following the denial of plan confirmation.  *In re Nelson*, 343 B.R. 671, 676 (9th Cir. BAP 2006).  That statute does not require the Court to provide unlimited amendments, however.  *See* 8 COLLIER ON BANKRUPTCY ¶ 1307.04

MEMORANDUM OF DECISION–19

(Richard Levin & Henry J. Sommer, eds. 16th ed. rev. 2021) (debtor should normally be given at least one opportunity to submit modified plan).

In this case, beginning with the first plan Debtor submitted nearly one year ago, Trustee has contended that Debtor must meet all the requirements of § 1325, including complying with § 330(c). In each subsequent plan iteration, Debtor has continually chosen not to do so. Doc. Nos. 22, 53, 150, & 185. Moreover, Debtor has never provided for WaFd's claim despite both WaFd's and Trustee's specific objections to confirmation on that basis. Doc. Nos. 82, 90, 161, 166, & 204. Finally, after the Court overruled Debtor's objection to WaFd's claim and allowed the claim, Debtor filed her *third amended* plan and still refused to comply with § 330 or provide for WaFd's claim. Doc. No. 185. The Court finds that § 1307(c) is satisfied, this case should be dismissed, and Debtor shall have no further leave to file a fourth amended plan.

### *Right to Convert*

Having denied confirmation and held that Debtor may not file an additional plan, the Court will briefly consider whether conversion to chapter 7 is appropriate. Section § 1307(c) provides, "*on request of a party in interest or the United States trustee* … the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate." (emphasis added). Here, no party or trustee has requested conversion. For this reason alone, the Court will not convert the case to chapter 7.

Moreover, under § 1307(c), the focus of whether to convert or dismiss is on the best interests of the creditors. In *Saris Realty, Inc. v. Bartlett (In re Bartlett),* No. BAP

MEMORANDUM OF DECISION–20

CC-17-1364-LSTAL, 2018 WL 3468832, at *7 (9th Cir. BAP July 18, 2018) the panel considered a situation not unlike this one in which the schedules showed essentially no unsecured creditors, and the only other creditor was secured.  The BAP observed that "[a]ppointment of a chapter 7 trustee to administer a chapter 7 estate for the benefit of essentially one creditor is inconsistent with the purpose of chapter 7."  So it would be here.

The Court concludes that conversion to chapter 7 is not appropriate.

### *Conclusion*

This Court has jurisdiction to consider Trustee's motion to dismiss during the pendency of Debtor's appeals.  Moreover, the Court concludes that Debtor's third amended plan does not comply with §§ 1325(a)(1), (a)(3), (a)(5) and (a)(7) and therefore may not be confirmed.  As such, this case will be dismissed pursuant to § 1307(c)(5).  The Court will not grant Debtor leave to amend her plan any further, as doing so appears fruitless.  Finally, the Court can find no justification to convert the case to one under chapter 7.  Neither party has requested it, nor would conversion appear to be consistent with the purpose of chapter 7.

A separate order will be entered.

DATED:  June 13, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION–21