UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>MARILYNN THOMASON,<br><br>Debtor. | Bankruptcy Case<br>No. 21-40435-JMM |
|---|---|

MEMORANDUM OF DECISION
Re: DEBTOR'S MOTION FOR RECONSIDERATION

*Introduction*

Before the Court is a motion for reconsideration of the Court's decision granting the chapter 13[1] trustee's motion to dismiss. Doc. Nos. 223, 229 & 236. Oral argument is not required for this type of motion, and the Court has determined it is unnecessary to aid its decision-making process. After considering Debtor's motion and other submissions, as well as the applicable law, this decision resolves the motion. Fed. R. Bankr. P. 7052; 9014.

*Applicable Law*

As a basis for the relief Debtor requests, she cites to Civil Rules 59 and 60, made applicable in bankruptcy cases by Bankruptcy Rules 9023 and 9024.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION–1

The Rules do not contemplate a "motion to reconsider." *In re Pich,* 00.2 I.B.C.R. 62, 63 (Bankr. D. Idaho 2000). Rather, when such a motion is filed within 14 days of the underlying order, it is treated as a motion to alter or amend a judgment under Civil Rule 59(e). *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 1, 18 (9th Cir. BAP 2013) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898–99 (9th Cir. 2001) (applying the former 10–day rule)); *Wood v. Loader (In re Loader)*, 424 B.R. 464, 466 (Bankr. D. Idaho 2009) (As between Civil Rules 59(e) and 60(b), "[w]hich rule applies depends essentially on the time a motion is served. If a motion is served within [14] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b).") (quoting *In re Moore,* 01.4 I.B.C.R. 134, 134 (Bankr. D. Idaho 2001))). In this case, Debtor filed a "placeholder" motion for reconsideration three days after the Court issued its decision despite not having yet received a copy of that decision. Doc. Nos. 224 & 229. This would implicate Civil Rule 59(e). However, in an effort to avoid piecemeal motions and briefing, the Court construed her filing as a motion for extension of time to file her motion and granted it, admittedly in contravention of Rule 9006(b)(2), giving her a specific deadline in which to file the motion. Doc. No. 231. Subsequently, and more than 14 days after entry of the Court's order, Debtor supplemented her original filing. Doc. Nos. 235 & 236.[2] By this standard, Civil Rule 60 ought to apply. Accordingly, the Court will examine Debtor's motion under both Civil Rules.

---

[2] No party has asserted that Debtor's motion is untimely, nor does the Court have any basis on which to declare it tardily filed.

MEMORANDUM OF DECISION–2

A. Civil Rule 59(e)

The applicable standard under Civil Rule 59(e) is well-established, under which Debtor has the burden to:

> clearly establish a manifest error of fact, a manifest error of law, or the existence of newly discovered evidence. *Hale v. United States Tr. (In re Basham),* 208 B.R. 926, 934 (9th Cir. BAP 1997); *Krommenhoek v. Covino (In re Covino),* 241 B.R. 673, 679, 99.4 I.B.C.R. 138, 140–41 (Bankr. D. Idaho 1999); *Jimenez v. Rodriguez (In re Rodriguez),* 233 B.R. 212, 218–19 (Bankr. D. Puerto Rico 1999). The motion may not be used to simply ask the Court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate. *In re Negrete,* 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996); *Alexander v. Bleau (In re Am. West Airlines, Inc.),* 240 B.R. 34, 38 (Bankr. D. Ariz. 1999).

*In re Wilson*, 349 B.R. 831, 834 (Bankr. D. Idaho 2006) (quoting *In re Couch–Russell,* 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004)); *Mellem v. Mellem (In re Mellem)*, 625 B.R. 172, 183–84 (9th Cir. BAP 2021), *aff'd,* No. 21-60020, 2021 WL 5542226 (9th Cir. Nov. 26, 2021) ("To support a motion seeking relief under Civil Rule 59(e), a movant must show: '(1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence.'").

Finally, motions for reconsideration should not be granted absent "highly unusual circumstances" and reconsideration of an order entered by the court "is an extraordinary remedy which should be used sparingly." *Wallace v. Hayes (In re Wallace*), No. 11-21077-TLM, 2013 WL 782721, at *2 (Bankr. D. Idaho Feb. 27, 2013) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999); *In re Sterling Min. Co.,* 415 B.R. 762, 766 (Bankr. D. Idaho 2009).

MEMORANDUM OF DECISION–3

In her submissions, Debtor lists a number of concerns, desires, and general disagreement with the Court's decision to dismiss her bankruptcy case. She has not, however, demonstrated an error of fact or law, nor the discovery of relevant new evidence. Accordingly, she is not entitled to relief under Civil Rule 59(e).

B.  Civil Rule 60(a)

Debtor contends that because the Court did not specify whether the order dismissing her bankruptcy case was entered with or without prejudice, such represents a clerical mistake, oversight or omission requiring correction pursuant to Civil Rule 60(a). Debtor is incorrect. "Section 349 establishes a general rule that dismissal of a case is without prejudice," but it also expressly grants a bankruptcy court the authority to dismiss the case with prejudice and thereby prevent a debtor from obtaining a discharge with regard to the debts existing at the time of the dismissed case for a period of time. *Leavitt v. Soto (In re Leavitt),* 209 B.R. 935, 939 (9th Cir. BAP 1997), *aff'd,* 171 F.3d 1219 (9th Cir. 1999) (citing 3 COLLIER ON BANKRUPTCY § 349.01, at 349–2–3 (15th ed. 1997)).

While the Court's decision and order did not specify whether Debtor's case was dismissed with or without prejudice, the general rule that a dismissal is without prejudice applies here, especially in light of the fact that the Court made no findings to support a dismissal with prejudice. Accordingly, there is no clerical mistake, oversight or omission requiring correction in this case.

MEMORANDUM OF DECISION–4

C. Civil Rule 60(b)

Civil Rule 60(b) compliments the discretionary power that bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007) (quoting *Meyer v. Lenox (In re Lenox),* 902 F.2d 737, 740 (9th Cir. 1990) (citing *Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986))).

The Court is unclear which subsection(s) of Civil Rule 60(b) Debtor seeks to employ for relief from the order dismissing the case. Accordingly, the Court will briefly discuss each one.

1. *60(b)(1)*

Civil Rule 60(b)(1), incorporated by Rule 9024, provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" This Civil Rule is generally aimed at providing a litigant a pathway to overcome a mistake or neglect committed by the litigant or counsel. *See Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993) ("The determination of what conduct constitutes 'excusable neglect' under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"); *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011); *Tracht Gut, LLC v. County of Los Angeles Treasurer and Tax Collector (In re Tracht Gut, LLC)*, 503 B.R. 804, 819 (9th

MEMORANDUM OF DECISION–5

Cir. BAP 2014), *aff'd,* 836 F.3d 1146 (9th Cir. 2016). On the other hand, a very recent case clarifies that "mistake" referenced in Rule 60(b)(1) includes legal errors made by judges. *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022).

A careful review of the motion for reconsideration reveals that Debtor does not discuss or identify any mistake, inadvertence, surprise, or neglect from which she wishes to be excused. Instead, she directs her arguments solely to errors allegedly made by this Court in dismissing her bankruptcy case. Upon due consideration of Debtor's submissions, the Court concludes none have merit. Accordingly, there are no grounds for relief from the Court's order of dismissal under Civil Rule 60(b)(1).

2. 60(b)(2)

A motion for relief under Civil Rule 60(b)(2) requires demonstration of: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). *Mellem*, 625 B.R. at 184 (quoting *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210 (9th Cir. BAP 2006)). In general, the evidence must have existed at the time the judgment or order was entered. *Cruz v. Stein Strauss Trust # 1361 (In re Cruz)*, 516 B.R. 594, 605 (9th Cir. BAP 2014) (citing *Fantasyland Video, Inc. v. Cnty. of San Diego,* 505 F.3d 996, 1005 (9th Cir. 2007); *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir. 1990) (relief under Civil Rule 60(b)(2) requires that the evidence: (1) existed at the time of the trial; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case).

MEMORANDUM OF DECISION–6

In other words, the evidence must be "newly discovered" by the movant rather than simply "new.")).

To prevail on her motion, Debtor must establish a manifest error of fact or law or the existence of newly discovered evidence. A manifest error of fact or law must be one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Wallace*, No. 2013 WL 782721 at *2 (citing *Oak Park Calabasas Condo. Ass'n,* 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)). Newly discovered evidence, on the other hand, must be exactly that—newly discovered. Evidence that was in Debtor's possession before the Court entered its order is not newly discovered. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) ("Evidence 'in the possession of the party before the judgment was rendered is not newly discovered.'"); *Ocwen Loan Servicing, LLC v. Marino (In re Marino)*, 577 B.R. 772, 787 (9th Cir. BAP 2017). Upon demonstration of one of these three grounds, Debtor must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Am. Indep. Mines & Mins. Co. v. U.S. Dep't of Agric.,* 733 F. Supp. 2d 1241, 1260 (D. Idaho 2010) (quoting *Donaldson v. Liberty Mut. Ins. Co.,* 947 F. Supp. 429, 430 (D. Haw. 1996)).

While Debtor asserted numerous errors, the Court concludes that Debtor has not met her burden to demonstrate a manifest error of fact or law or newly discovered evidence sufficient to support alteration or amendment of the Court's prior decision dismissing her bankruptcy case.

MEMORANDUM OF DECISION–7

*3. 60(b)(3)*

Relief under Civil Rule 60(b)(3) requires a showing of "fraud . . . misrepresentation, or other misconduct of an adverse party. . . ." *Mellem*, 625 B.R. at 184 (quoting *United Student Funds, Inc.*, 349 B.R. at 210.) In order to prevail under Civil Rule 60(b)(3), Debtor must "prove by clear and convincing evidence that the [dismissal order] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *In re Giga Watt, Inc.,* No. 2:18-BK-03197, 2021 WL 321890, at *5 (9th Cir. BAP Jan. 29, 2021) (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Moreover, Civil Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

Here, Debtor has made numerous allegations of "fraud on the court" but has brought forth no hard evidence of any such fraud in all her dealings with this Court. With only allegations, but no evidence, of misconduct before it, this Court has no basis for granting relief from its dismissal order. *Giga Watt, Inc.,* 2021 WL 321890, at *5.

*4. 60(b)(4)*

This subsection provides a basis for relief from the order if the order is somehow void. Debtor has made no allegations to support a finding that the dismissal order is void for any reason. Accordingly, Debtor's motion is denied under Civil Rule 60(b)(4).

MEMORANDUM OF DECISION–8

*5. 60(b)(5)*

Subsection (b)(5) of Civil Rule 60 provides that if the order has been satisfied, released, or discharged, if it based on an earlier judgment that has been reversed or vacated, or if applying the order prospectively is no longer equitable, then Debtor may be entitled to relief from that order. As Debtor has not pointed the Court to any such circumstances present in this case, the Court cannot order relief from its order under this subsection.

*6. 60(b)(6)*

Finally, under Rule 60(b)(6), a court may relieve a party from an order for "any other reason that justifies relief," but only "to prevent manifest injustice" and "only where extraordinary circumstances prevented a party from taking timely action." Civil Rule 60(b)(6); *Kemp*, 142 S. Ct. at 1861; *Decembre v. Nations First Cap., LLC (In re Nations First Cap., LLC)*, 851 F. App'x 32, 34–35 (9th Cir. 2021) (quoting *Zurich Am. Ins. Co.*, 503 F.3d at 941 (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005))).

The courts have "liberally applied" Civil Rule 60(b)(6) "to accomplish justice." *Zurich Am. Ins. Co.*, 503 F.3d at 941 (quoting *Yanow v. Weyerhaeuser S.S. Co.,* 274 F.2d 274, 284 (9th Cir. 1958) (quoting *Klapprott v. United States,* 335 U.S. 601, 615, 69 S. Ct. 384, 93 L. Ed. 266 (1949))). At the same time, however, "[j]udgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, Rule 60(b)(6) should be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary

MEMORANDUM OF DECISION–9

circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Zurich Am. Ins. Co.,* 503 F.3d at 941 (quoting *United States v. Washington,* 394 F.3d at 1157 (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993))).

As such, Debtor "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with . . . the action in a proper fashion." *Community Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002). Instead, as the Court's decision makes clear, Debtor's case was dismissed because each of her proposed chapter 13 plans did not comply with the Bankruptcy Code. Even after the Court made certain decisions providing clarity in the case, Debtor still did not propose a plan that was confirmable. And while she has appealed several of the Court's decisions, because no stay pending appeal has been sought, it is Debtor's duty to propose a plan that complies with not only those decisions but also the Bankruptcy Code. She has not done so. Accordingly, Civil Rule 60(b)(6) provides no avenue for relief from the order dismissing Debtor's case.

/ / / / /

MEMORANDUM OF DECISION–10

*Conclusion*

Despite numerous allegations of error on the Court's part, Debtor has not satisfied her burden under Civil Rules 59(e) and 60 to establish a right to relief from the Court's order dismissing her case. Accordingly, Debtor's motion for reconsideration will be denied by separate order.



DATED: August 5, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION–11