UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>**MARILYNN THOMASON,**<br><br>Debtor. | **Bankruptcy Case Nos. 21-40435-JMM and 22-40460-JMM** |
|---|---|
| **MARILYNN THOMASON,**<br><br>Plaintiff,<br><br>v.<br><br>**LSF10 MASTER PARTICIPATION TRUST,**<br><br>Defendant. | **Adv. Proceeding Nos. 22-08003-JMM 22-08019-JMM** |

### MEMORANDUM OF DECISION

*Introduction*

Debtor Marilynn Thomason ("Debtor") has filed a number of motions for reconsideration in her various bankruptcy cases and adversary proceedings. The Court conducted a status hearing on December 19, 2022, during which Debtor somewhat clarified her motions, as well as a hearing on January 30, 2023, on each of the pending motions. After considering the parties' arguments and the applicable law, the Court now

MEMORANDUM OF DECISION–1

issues this memorandum decision that resolves the various motions.  Rule 9014; § 102(1)(B).[1]

### *Relevant Facts and Procedural History*

On July 16, 2021, Debtor filed a chapter 13 petition.  *In re Thomason,* 21-40435-JMM, at BK1 Doc. No. 1.[2]  On July 29, she filed schedules, in which she listed $7,861,101 in assets including $1,282,000 in real property, and only $176 in liabilities consisting of a monthly electric bill.  BK1 Doc. Nos. 16 & 33.  Debtor listed $166 in monthly net income.  *Id.*

On September 8, 2021, the LSF10 Master Participation Trust ("Trust") moved for relief from the automatic stay for the purpose of "[t]erminating and annulling the automatic stay as it applies to the enforcement by Movant of its rights in the property located at 7276 West 3200 South, Rexburg, ID 83440…."  BK1 Doc. No. 41.  Following briefing and several hearings, the Court granted the motion and denied a subsequent motion to reconsider, which decision Debtor appealed.  BK1 Doc. Nos. 50, 62, 70, 73, 101, 103–04, 107, 119, 122–23 & 138.  That appeal remains pending before the District Court.  *Thomason v. LSF10 Master Participation Trust*, 22-00022-DCN.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] Debtor has filed four separate cases, two bankruptcy and two adversary, in the bankruptcy court since July 2021.  As the Court will reference the dockets of each, the following designations will be made:
*In re Thomason,* 21-40435-JMM will be referred to as "BK1 Doc. No."
*In re Thomason,* 22-40460-JMM will be referred to as "BK2 Doc. No."
*Thomason v. LSF10 Master Participation Trust*, 22-8003-JMM will be referred to as "Adv.1 Doc. No."
*Thomason v. LSF10 Master Participation Trust*, 22-8019-JMM will be referred to as "Adv.2 Doc. No."

MEMORANDUM OF DECISION–2

On October 7, 2021, Debtor objected to the proof of claim filed by WaFd Bank ("WaFd"), which objection was overruled and WaFd's claim was allowed in the amount of $139,565.81.  BK1 Doc. Nos. 67 & 162–63.  Debtor also appealed this decision, which appeal was dismissed.  BK1 at Doc. No. 191; *Thomason v. Washington Federal Savings aka WaFd*, 22-00140-DCN at Doc. No. 12.  On November 28, 2022, Debtor moved for reconsideration of the dismissal of the appeal.  22-00140 at Doc. No. 14.  That motion remains pending before the District Court.

On January 5, 2022, Debtor filed a document in the main bankruptcy case titled "Thomason's Notice of Removal Bankr. Rule 9027, 28 U.S.C. 1441(a), 28 U.S.C. 1452 and 28 U.S.C. 1334" ("Notice of Removal.")  BK1 Doc. No. 143.  Pursuant to Rule 7001(10), Debtor was required to commence an adversary proceeding in which to adjudicate the removal matter.  Accordingly, on January 10, 2022, Debtor commenced an adversary proceeding, *Thomason v. LSF10 Master Participation Trust*, 22-08003-JMM.  Adv.1 Doc. No. 1.  On April 4, 2022, Debtor filed an Amended Notice of Removal ("Amended Removal").  Adv.1 Doc. No. 5.

The Amended Removal indicated that Debtor was removing a state court action from the Seventh Judicial District of the State of Idaho, Madison County, with the case number of CV-33-21-0078 and captioned *LSF10 Master Participation Trust, Plaintiff vs. Byron T. Thomason, Marilynn Thomason, All Current Occupants of the Premises, Defendants*, as well as a subsequent action with the case number CV-33-22-0155.  *Id.*  Debtor attached several documents to the Amended Removal which were apparently filed in the foreclosure action, including the notice of sheriff's sale and sheriff's deed, relating

MEMORANDUM OF DECISION–3

to real property located at 7276 West 3200 South, Rexburg, Idaho 83440, as well as the Court's order granting stay relief to Trust. *Id.* Thus, it appears the cause outlined in the motion for stay relief and the Amended Removal concern the same actions in the state court.

On July 13, 2022, this Court issued a Report and Recommendation by which it recommended that the District Court remand the state court proceedings back to the state court. The District Court adopted the recommendation, and the state court cases were remanded. Adv.1 Doc. No. 9; *Thomason v. LSF10 Master Participation Trust*, 22-00175-DCN at Doc. No. 6.

While all this was going on, Debtor was still in a chapter 13 case and needed to have a plan confirmed. She filed proposed plans on July 30, 2021, September 27, 2021, January 13, 2022, and March 17, 2022. BK1 at Doc. Nos. 22, 53, 150, & 185. Each plan was denied confirmation on specific grounds, which Debtor chose not to correct in subsequent plans. On March 29, 2022, the chapter 13 trustee moved to dismiss Debtor's bankruptcy case on numerous grounds. BK1 Doc. No. 194. Subsequently, Debtor filed a third amended plan which failed to address the fatal flaws in Debtor's prior plans, and the Court again denied confirmation. BK1 Doc. No. 205. Thereafter, the Court granted the trustee's motion to dismiss. BK1 Doc. Nos. 223 & 224. Debtor moved for reconsideration of that order, which the Court denied on August 5, 2022. BK1 Doc. Nos. 229, 236 & 239.

On November 8, 2022, in response to Trust's renewed eviction efforts, Debtor filed a new chapter 13 petition. BK2 Doc. No. 1. In connection with that filing, she

MEMORANDUM OF DECISION–4

moved for an extension of time to obtain the required credit counseling. BK2 at Doc. No. 6. On November 8, 2022, the same day she filed the second bankruptcy case, Debtor also moved to extend the automatic stay pursuant to §§ 362(c)(3)(B) and (c)(4)(B), but filed that motion in the first bankruptcy case. BK1 at Doc. No. 252. Trustee moved for dismissal of the second bankruptcy case, in which motion Trust joined. BK2 Doc. Nos. 16 & 25. On November 28, 2022, the Court heard oral argument on Debtor's motion to extend the automatic stay as well as Trustee and Trust's motions to dismiss. BK2 Doc. No. 35. At the conclusion of the arguments, the Court orally denied the motion to extend the stay with respect to Trust, as it had received stay relief in the first bankruptcy case, and entered an order to that effect. *Id.* at Doc. Nos. 35–36. On December 6, 2022, this Court issued a memorandum decision and order granting the motion to dismiss and declining to continue the stay for all creditors in the second bankruptcy case. BK2 Doc. Nos. 41 & 42.

The same day the second bankruptcy case was filed, Debtor also commenced a new adversary proceeding by which she removed state court cases to the bankruptcy court. Adv.2 Doc. No. 1.[3] Trust promptly moved for dismissal of the adversary proceeding. Adv.2 Doc. No. 3. The Court heard oral argument on the motion on December 19, 2022, and on December 22, 2022, the Court issued a Report and Recommendation by which it recommended that the District Court remand the state court

---

[3] Interestingly, Debtor chose to attach the new adversary proceeding to the first bankruptcy case which had already been dismissed, rather than the subsequent bankruptcy filing.

MEMORANDUM OF DECISION–5

cases back to the state court.  Adv. 2 Doc. Nos. 13 & 14.  That Report and Recommendation is pending before the District Court.

In the last couple of months, Debtor has filed a number of motions, described below.  On December 9, 2022, she filed a notice of appeal indicating her election to appeal to the Ninth Circuit Court of Appeals along with a motion to certify the case for direct appeal.  BK2 at Doc. Nos. 48–49.  On December 22, 2022, Debtor filed an Amended Notice of Appeal as well as a Motion to Extend Automatic Stay on Notice of Appeal.  Doc. Nos. 57 & 59.  She amended her notice of appeal again on December 28, 2022, along with an "Emergency Motion Under Circuit Rule 27-3 of Movants-Appellants Marilnn [sic] Thomason to Expedite Proceedings and to Preserve the Status Quo Until Appeals Conclude."  Doc. Nos. 61 & 62.

On January 3, 2023, the Court declined to certify the appeal to the Ninth Circuit in a written decision and order.  Doc. Nos. 64, 65.  The order required Debtor to choose either the BAP or the District Court by a specific date, otherwise the appeal would be sent to the BAP.  Debtor has made no election but asserts her right to appeal to the Ninth Circuit without certification.

The notice of appeal states that Debtor is appealing "from al [sic] orders under [the first bankruptcy case] and [the second bankruptcy case]," apparently including orders not yet entered as well as those on appeal before the District Court.  BK2 Doc. No. 48.  Because each of the pending motions described below predated the appeal—with the exception of the Motion for Extension of Stay on Notice of Appeal, which was filed contemporaneously with the notice of appeal, and the denial of certification to the Ninth

MEMORANDUM OF DECISION–6

Circuit—the Court considers them ripe for decision. The motion for stay pending appeal will be considered in a separate decision.

### *Summary of Pending Motions*

While the docket is rather convoluted, due at least in part to Debtor's practice of combining motions in different cases in the same document, it appears there are generally two motions pending: the Sixth Amended Motion and Objections, and the Motion for Stay Pending Appeal. BK1 Doc. Nos. 268 & 285[4]; BK2 Doc. Nos. 50 & 69[5]; Adv1. Doc. Nos. 24 & 25; Adv.2 Doc. Nos. 8 & 9. As noted above, the Court will only resolve the Sixth Amended Motion and Objections in this decision. To further clarify, however, within the Sixth Amended Motion and Objections Debtor has sought reconsideration of a number of the Court's orders[6], as follows:

- Dec. 6, 2022 Order Denying Automatic Stay with Respect to LSF10 Master Participation Trust, BK1 Doc. No. 258; BK2 Doc. No. 36
- Dec. 6, 2022 Order Denying Automatic Stay as to Other Creditors, BK1 Doc. No. 263; BK2 Doc. No. 43
- Dec. 6, 2022 Notice and Order Re: Plan Exhibits, BK2 Doc. No. 9

---

[4] The BK1 docket contains the following motions leading up to the most recent:
- BK1 Doc. No. 260 – Motion to Set Aside Judgment and for New Trial (Initial Objection)
- BK1 Doc. No. 261 – Motion to Set Aside Judgment and for New Trial (2nd Initial Objection)
- BK1 Doc. No. 274 – Fourth Amended Motion and Objections
- BK1 Doc. No. 284 – Fifth Amended Motion and Objections

[5] The BK2 docket contains the following motions leading up to the most recent:
- BK2 Doc. No. 39 – Motion to Set Aside Judgment and for New Trial (Initial Objection)
- BK2 Doc. No. 40 – Motion to Set Aside Judgment and for New Trial (2nd Initial Objection)
- BK2 Doc. No. 60 – Fourth Amended Motion and Objections
- BK2 Doc. No. 67 – Fifth Amended Motion and Objections

[6] Because Debtor includes multiple case numbers on each motion she files, the same motion is therefore filed in multiple cases. In resolving the motions, the Court will likewise enter the same decision on the dockets of the various cases.

MEMORANDUM OF DECISION–7

- Dec 6, 2022 Order Denying Extension of Time for Credit Counseling, BK2 Doc. No. 42
- Dec 6, 2022 Order Granting Trustee's Motion to Dismiss (and LSF10's joinder in the motion), BK2 Doc. No. 42
- Jan. 3, 2023 Order denying Motion to Certify Appeal, BK1 Doc. No. 282; BK2 Doc. No. 65[7]

The Court will discuss each of the pending motions.[8]

*Analysis*

1. Applicable Legal Standards

As a basis for the relief Debtor requests, she cites to Civil Rules 59(e), 60(b)(2)–(4) and (6), as well as 60(d)(1) and (3), made applicable in bankruptcy cases by Bankruptcy Rules 9023 and 9024. The Court will analyze the motions under both statutes.[9]

The applicable standard under Civil Rule 59(e) is well-established and provides that a "motion to alter or amend a judgment under Rule 59(e) is appropriate only if the moving party clearly establishes (1) manifest error of fact, (2) manifest error of law, or

---

[7] At the January 30, 2023 hearing, the Court orally denied Debtor's motion for reconsideration of this order. As such, it will not be discussed in this decision.

[8] Each case and adversary proceeding also includes a "Notice of Due Process," which does not appear to be a motion, but rather a description of Debtor's belief that she was deprived due process by this Court and other various participants to the bankruptcy process. BK1 Doc. No. 256; BK2 Doc. No. 33; Adv.1 Doc. No. 22; & Adv.2 Doc. No. 5. As these are not motions per se, the Court will take no further action.

[9] Because Debtor lumps her motions into one document, it is difficult to determine which orders she wishes to set aside, which in turn makes it difficult to know which standard should be applied. For example, when such a motion is filed within 14 days of the underlying order, it is treated as a motion to alter or amend a judgment under Civil Rule 59(e). *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 1, 18 (9th Cir. BAP 2013) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898–99 (9th Cir. 2001) (applying the former 10–day rule)); *Wood v. Loader (In re Loader)*, 424 B.R. 464, 466 (Bankr. D. Idaho 2009). Otherwise, the motion falls under Rule 60(b). *Loader,* 424 B.R. at 466 (quoting *In re Moore,* 01.4 I.B.C.R. 134, 134 (Bankr. D. Idaho 2001)).

MEMORANDUM OF DECISION–8

(3) newly discovered evidence." *In re Sterling Min. Co.*, 415 B.R. 762, 766 (Bankr. D. Idaho 2009) (quoting *Elsaesser v. Fehrs (In re Fehrs)*, 08.4 I.B.C.R. 153, 154, 2008 WL 4443062, at *2 (Bankr. D. Idaho Sept. 26, 2008) (citations omitted)); *In re Mellem*, 625 B.R. 172, 183–84 (9th Cir. BAP 2021) ("To support a motion seeking relief under Civil Rule 59(e), a movant must show: '(1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence.'").

For Civil Rule 60(b)(2) motions, which seek relief from judgment on the basis of newly discovered evidence, such relief is warranted if (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022), *cert. denied*, No. 22-172, 2022 WL 17408181 (U.S. Dec. 5, 2022) (quoting *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation and internal quotation marks omitted)).

When a party brings a motion under Civil Rule 60(b)(3), which permits a losing party to move for relief from judgment on the basis of fraud, misrepresentation, or other misconduct of an adverse party, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense. *Trendsettah USA, Inc.,* 31 F.4th at 1136 (citing *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citations omitted). "Rule

MEMORANDUM OF DECISION–9

60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect …." *Id.* (citation and internal quotation marks omitted).

Motions under Civil Rule 60(b)(4) address situations in which a judgment is void. The United States Supreme Court addressed the legal standard for Civil Rule 60(b)(4) motions, stating:

> A void judgment is a legal nullity. Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.
>
> "A judgment is not void," for example, "simply because it is or may have been erroneous." Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010) (internal citations omitted).

Civil Rule 60(b)(6) motions should be "liberally applied … to accomplish justice." *Zurich Am. Ins. Co. (In re Int'l Fibercom, Inc.),* 503 F.3d 933, 941 (9th Cir. 2007). At the same time, however, "[j]udgments are not often set aside under Rule 60(b)(6)." *Id.* (quoting *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). Instead, Rule 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Int'l Fibercom, Inc.,* 503 F.3d at 946 (quoting *United States v.*

MEMORANDUM OF DECISION–10

*Washington,* 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993))). As such, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with … the action in a proper fashion." *Community Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002); *In re Bott,* No. 03-40043, 2003 WL 25273846, at *1 (Bankr. D. Idaho May 30, 2003).

  Debtor further seeks relief under Civil Rule 60(d)(1), which provides that the court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." For a movant to seek equitable relief through independent actions, the movant must: (1) show that no other remedy is available or adequate; (2) demonstrate that movants' own fault, neglect or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground—such as fraud, accident or mistake—for the equitable relief. *In re Pryor*, No. 09-23842-BR, 2015 WL 4627034, at *4 (9th Cir. BAP Aug. 3, 2015) (citing *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655, 662 (2d Cir. 1997). The movant must also establish that a "grave miscarriage of justice" will be done if the underlying judgment is not set aside. *Id.* (quoting *United States v. Beggerly,* 524 U.S. 38, 47, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998)).

  Finally, Debtor's motion is made under Civil Rule 60(d)(3), which permits the Court to set aside a judgment for fraud on the court. Such fraud "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner

MEMORANDUM OF DECISION–11

its impartial task of adjudging cases that are presented for adjudication." *Pryor*, 2015 WL 4627034, at *5 (quoting *Latshaw,* 452 F.3d at 1104 (quotations and citations omitted)). The term "[f]raud on the court 'should be read narrowly, in the interest of preserving the finality of judgments.'" *Id.* (quoting *Toscano v. Comm'r,* 441 F.2d 930, 934 (9th Cir. 1971)).

When seeking relief from a judgment based on fraud on the court, the moving party must demonstrate such fraud by clear and convincing evidence. *Id.* (citing *United States v. Stonehill,* 660 F.3d 415, 443 (9th Cir. 2011). The type of fraud asserted must involve egregious conduct, such as an unconscionable plan or scheme designed to improperly influence the court in its decision. *Id.* citing *Latshaw,* 452 F.3d at 1104 (citing *Abatti v. Comm'r,* 859 F.2d 115, 118 (9th Cir. 1988)); *Toscano,* 441 F.2d at 934)). To constitute fraud on the court, "the relevant misrepresentations must go 'to the central issue in the case' and must 'affect the outcome of the case.'" *Garcia v. United States*, No. 20-55670, 2021 WL 3202164, at *2 (9th Cir. July 28, 2021) (quoting *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168-69 (9th Cir. 2017) (citations omitted)). Moreover, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court.'" *Stonehill,* 660 F.3d at 444 (quoting *Levander v. Prober (In re Levander)*, 180 F.3d 1114, 1119 (9th Cir. 1999)).

With these standards in mind, the Court will proceed to consider Debtor's various motions.

MEMORANDUM OF DECISION–12

2. Motions Pending in the Adversary Proceedings

In her motions to set aside, Debtor first points to the fact that the second adversary was not set for hearing when she initially filed it. The Court is perplexed about what, exactly, needed to be set for hearing, as Debtor did not file any motions at the time she commenced the adversary proceeding. The removal itself was accomplished on filing. *See Richardson v. Select Portfolio Servicing, Inc. (In re Mitchell)*, No. 2:10-BK-41906-CMK, 2022 WL 2730513, at *3 (9th Cir. BAP July 12, 2022) (citing *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers,* 124 F.3d 999, 1010 (9th Cir. 1997) (once the notice of removal is filed, removal is instantaneous, and the state court proceeding has been extinguished.) As such, the Court finds no basis to set aside any order or lack thereof.

Debtor next asserts that she was somehow "misled" as to the nature of the hearings set for December 19, 2022. More particularly, Debtor contends that she was told by the Court's staff that the "only" item to be discussed on that date was the status hearing set by the Court, and therefore she contends Trust's motion to dismiss should not have been argued. The Court concludes Debtor is mistaken, as the staff member contacted Debtor as a courtesy to inform her about the Court's status hearing, as the Court assumed that due to Debtor's peculiar mail arrangement, she would not receive the status hearing notice ahead of the hearing date. On the other hand, Trust's motion was separately filed

MEMORANDUM OF DECISION–13

and noticed, and was not impacted in any way by the Court's setting of a status hearing.[10]

Finally, this Court did not enter a final decision on Trust's motion to dismiss. Thus, as to any request to set aside the order dismissing either adversary, the Court certainly cannot grant any such relief. Because Debtor has not consented to this Court's entry of final orders in the adversary proceedings, the Court entered a report and recommendation in each of those cases on the issue of whether the removed cases ought to be remanded back to the state court. As such, those documents are not final orders, but rather recommendations to the District Court, and any objection to them must be filed with the District Court, which will ultimately enter final orders. Accordingly, to the extent the Motions to Set Aside were directed at either Report and Recommendation entered by this Court, the motions are denied as inappropriate.

The Court concludes Debtor has failed to:

1. allege a manifest error of fact or of law or the existence of newly discovered evidence sufficient to satisfy Civil Rule 59(e);

2. allege the existence of newly discovered evidence sufficient to satisfy Civil Rule 60(b)(2);

3. allege facts to support a finding that the arguments surrounding Trust's motion to dismiss and the resulting entry of a Report and Recommendation occurred through fraud, misrepresentation, or other misconduct that prevented Debtor from fully and fairly

---

[10] In fact, the notice of the status hearing specifically advised all parties that the Court intended to address LSF10's motion to dismiss at the December 19 hearing, in addition to the status conference. BK2 Doc. No. 51.

MEMORANDUM OF DECISION–14

presenting the defense sufficient to satisfy Civil Rule 60(b)(3). Indeed, Debtor argued her opposition to Trust's motion to dismiss forcefully and at length.

4. describe how conducting the hearing on the motion to dismiss which resulted in the Court's entry of a Report and Recommendation was in any way void;

5. describe circumstances that prevented Debtor from proceeding in the hearing pursuant to Civil Rule 60(b)(6). Moreover, Debtor can demonstrate neither injury nor manifest injustice, as this Court did not enter a final order, but merely recommended that the District Court do so. Debtor has the opportunity to state her objections to this Court's recommendation.

6. meet the requirements of Civil Rule 60(d)(1), as she cannot show that no other remedy is available or adequate. As noted above, Debtor's clear remedy is to object to the Report and Recommendation; and

7. describe facts that provide clear and convincing evidence that "fraud on the Court" has occurred under Civil Rule 60(d)(3). The fraud Debtor alleges appears to be directed at the activities of Trust and its counsel in the state court actions, rather than anything which has occurred in connection with Debtor's bankruptcy case. The fraud on the court necessary to satisfy Civil Rule 60(d)(3) must go to the central issue in the case and must affect the outcome of the case—here, the *bankruptcy* case.

Debtor's motion to set aside, as it pertains to the adversary cases, must be denied.

### 3.  Reconsideration of Notice and Order Re: Plan Exhibits

On November 10, 2022, the Court entered an order sealing the exhibits to Debtor's proposed chapter 13 plan and, if she wished parties to consider those documents in

MEMORANDUM OF DECISION–15

connection with her plan, requiring her to redact personally identifying information and serve them. BK2 Doc. No. 9. In her Fourth Amended Motion and Objections, filed December 22, 2022, Debtor lists this order as one for which she seeks reconsideration. BK2 Doc. No. 60. In this motion, she offers no argument or justification for reconsideration of that order. Accordingly, the motion will be denied.

4. Reconsideration of Order Denying Extension of Stay as to Trust

Both Civil Rules 59(e) and 60(b)(2) require a showing of newly discovered evidence. In Debtor's Second Objection, filed December 2, 2022, she alleges her discovery that the chapter 13 trustee:

> falsified her claims with regards to events leading up to her motion to dismiss [the first and second bankruptcy cases] when claims were brought to the attention of [Debtor], that the trustee was aiding and abetting third parties, to take possession of crops and equipment, while the action was still under the automatic stay and that the actions to facilitate taking estate assets out of the control of [Debtor] Ch 13 Estate, first beginning on Monday, July 19th, 2021 when under the personal knowledge of the Trustee, occurred to force [Debtor] out of her sole ownership of her home, and estate assets….

*Id.* at p. 2. This evidence, if true, cannot be described as "newly" discovered if it first began in July 2021. The order denying extension of the stay as to Trust was entered by the Court on November 29, 2022. As such, Civil Rules 59(e) and 60(b)(2) provide no basis for reconsideration of the order.

Moreover, the Court does not find that the order denying an extension of the automatic stay with regard to Trust was obtained through fraud, misrepresentation or other misconduct in contravention of Civil Rule 60(b)(3), nor was there a jurisdictional error or violation of due process addressed in Civil Rule

MEMORANDUM OF DECISION–16

60(b)(4). Finally, the Court cannot find extraordinary circumstances are present, there is no independent basis upon which to relieve the Debtor from the order, and Debtor has not demonstrated the existence of fraud upon the court. As such, Civil Rules 60(b)(6), 60(d)(1) and 60(d)(3) provide no basis for reconsidering the Court's order.

Rather, as the Court stated at the November 28, 2022 hearing and memorialized in its order, once the Court granted stay relief in favor of Trust in the first bankruptcy case, and therefore by operation of § 362(c)(3)(C)(ii), the second bankruptcy case was presumptively filed in bad faith. Nothing Debtor has alleged overcomes that presumption and necessitates reconsideration of its order.

5. Reconsideration of Order Denying Extension of Stay as to Other Creditors

The Court entered a separate decision and order regarding the extension of the stay as to creditors other than Trust, as those creditors had not sought stay relief in the first bankruptcy case and thus a separate discussion was required. BK1 Doc. Nos. 262 & 263; BK2 Doc. Nos. 41 & 43. The Court finds, however, that the same reconsideration analysis applies to the entry of the orders denying an extension of the automatic stay as to all other creditors as well. The Court therefore denies Debtor's motion for reconsideration on this order.

6. Reconsideration of Order Denying Extension of Time for Credit Counseling

The same is true for Debtor's motion seeking reconsideration of the Court's order denying an extension of time in which to complete the credit counseling requirement. BK2 Doc. No. 42. Debtor includes the order in her list of rulings to which she objects

MEMORANDUM OF DECISION–17

but offers no basis for reconsideration. BK2 Doc. No. 60. At the hearing held January 30, 2023, Debtor merely rehashed the same arguments already advanced to, and rejected by, this Court. Citing no grounds for reconsideration, the motion is denied.

### 7. Reconsideration of Order Granting Motion to Dismiss

On December 6, 2022, the Court entered an order granting the motion to dismiss filed by the Chapter 13 Trustee and joined in by Trust. BK2 Doc. No. 42. Following entry of this decision and order, Debtor attempted to directly appeal to the Ninth Circuit. BK2 Doc. Nos. 48 & 49. However, she also included the order in her Fourth Amended Motion and Objections. BK2 Doc. No. 60. As such, the Court will assume Debtor intended the Court to proceed with reconsideration of that decision, prior to it being heard on appeal.

Debtor has not, however, articulated any basis for reconsideration of the Court's dismissal of her second bankruptcy case. In fact, it has been evident since the first bankruptcy case and then into the second bankruptcy case that the Debtor does not want to reorganize debts. In both cases, she scheduled less than $190 in total claims and less than $200 per month in income. What is apparent is that Debtor's use of the bankruptcy system is a transparent attempt to seek appeal of orders entered in the Idaho state courts. Debtor's arguments focus on those rulings and criticize those holdings but do not seek to address those debts in bankruptcy court. Debtor's stated entitlement to relief in this Court is largely based on the argument that the state court got it wrong when it determined that Trust was entitled to foreclose its lien on the Debtor's real property and when it determined that Debtor was indebted to WaFd for over $120,000. Debtor's two

MEMORANDUM OF DECISION–18

bankruptcy cases do not attempt to reorganize those obligations but instead to have this Court revisit and reverse those state court decisions, or, at a minimum, delay the effect of those rulings. Debtor spends time in her motion for reconsideration asserting that she was never indebted to Trust and it did not hold a valid lien. These questions have been argued to and answered by the state court and, as such, form a basis for this Court's grant of stay relief to permit the state court to proceed and allow the Debtor to defend in that forum.

The latest motions for reconsideration add no new facts, law, or evidence to reverse prior rulings of this Court. At the January 30, 2023 hearing, Debtor contended that all of the issues on which she seeks reconsideration are interconnected with Trust's stay relief, WaFd's proof of claim, and the notices of removal, and because some of those issues are before the District Court, then all of these "side issues" presently before the bankruptcy court ought to be heard by the District Court as well. This Court disagrees, noting that the District Court may handle appeals, but has otherwise referred bankruptcy cases, and their attendant "side issues" to the bankruptcy court. *See* General Order No. 349. Accordingly, the Court finds no basis upon which to reconsider its order dismissing Debtor's second bankruptcy case.

### *Conclusion*

The Court concludes Debtor has shown no basis for reconsideration of any of the Court's orders, specifically, the orders: 1) denying an extension of the automatic stay as to Trust; 2) denying an extension of the automatic stay as to all other creditors; 3) denying an extension of time to complete credit counseling; 4) granting Trustee's motion

MEMORANDUM OF DECISION–19

to dismiss, which was joined in by Trust; and 5) regarding plan exhibits. Accordingly, Debtor's motion(s) for reconsideration will be denied by separate order.



DATED: February 1, 2023

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION–20